UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL AGUIRRE, | ) | 1:012-cv-01532 MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS AS DUPLICATIVE OF |
| | ) | EARLIER FILED PETITION |
| | ) | |
| PEOPLE, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ASSIGN DISTRICT COURT JUDGE |
| Respondent. | ) | TO THE PRESENT MATTER |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 10, 2012, Petitioner filed a federal petition for writ of habeas corpus in this Court. The petition was assigned case number "1:12-cv-01305 GSA HC," and is currently pending before the Court. In that Petition, Petitioner contends that his sentencing and conviction was unfair, the judge was unfair, the evidence used against him was insufficient and unfair, and that the way he was found guilty was unfair.

On September 19, 2012, Petitioner filed a second federal petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:12-cv-01532 MJS HC." In the instant petition, Petitioner again claims that his sentence was unfair, that the judge was

unfair, and that his representation was unfair. (Pet. at 5-6, ECF No. 1.)

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Id.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694.

In the present case, the instant petition challenges the same issues already being adjudicated by the court in case number "1:12-cv-01305 GSA HC." Accordingly, the Court recommends the instant petition be dismissed as duplicative.

U.S. District Court
E. D. California

-2-

**RECOMMENDATION**

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as duplicative. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 20, 2012          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE